Reese, J.
delivered the opinion of the court.
This cause was tried at May term, 1839, of the circuit court for Franklin county, and a verdict was rendered for the lessor of the plaintiff, being the fourth verdict which he had obtained. On a motion being made by the defendant to set aside the verdict and grant him a new trial, an affidavit was made by defendant’s counsel to show that the judge who presided at the time the first new trial was given, in 1832, set aside the verdict because he was not satisfied with the legal correctness of the charge which he had given to the jury; upon which the court granted a new trial. At the succeeding term a verdict was rendered against the lessor of the plaintiff and a judgment thereon; to reverse which, and to have a judgment rendered in his favor upon the verdict of May, 1839, he prosecuted this writ of error.
Upon the grounds or reasons which induced the court to .grant two of the new trials previous to that of May, 1839 the record is wholly silent. The act of 1801, ch. 6, sec. 59, provides “that not more than two new trials shall he granted to the same party.” The construction given to the act by this court in the case of Trott vs. West, Moss & Co. 10 Yerg. Reports, 500, is, “that it means that where the facts of the case have been fairly left to the jury upon a correct charge of the court, and they have twice found a verdict for •the same party, each of which has been set aside by the .court, if the same party obtain another verdict, in like manner, it shall not be disturbed. But the act did not intend to prevent the court from granting new trials for error in the charge of the court to the jury, for error in the admission or rejection of testimony, for th.e misconduct of the jury, and the like.”
In the case before us, in reference to two of the trials the record is silent as to the grounds of action oí the court in setting aside the verdicts. We think that in order to give any operation whatever to the act of assembly, this court must certainly hold that he who insists that the two new trials (which are supposed to constitute an obstacle to the granting of a third new trial) were in fact granted upon any *20 0f the legal grounds set forth in the case of Trott vs. West, Moss & Co. or grounds similar, must make it so to appear; and the only question, therefore, is, whether these grounds shall be made to appear by the record, or may be shown aliunde. ' We are satisfied that the grounds of action of the court should be set forth by the court itself in the record made at the time of granting the new trial. Any evidence other than that or less than that would certainly be wrong in practice. As to the legal grounds moving the conscience and prompting the action of the court, the court itself,,, through its records, must spqak. But it is said that it is not usual to state upon the record the grounds on ■which a new trial has been granted. It would be very easy to do so; and if it shall often happen that the -juries of the country, contrary to a most grave and solemn duty, shall turn a deaf ear to the law of the case, as expounded by the court in its charge, and the legislature shall choose to continue the limitation upon the legal discretion of the judge, contained in the act of 1801, it may become very proper for him to adopt a mode of entry upon the record in cases of new trials, which, showing always the ground of his action, shall place the res-, ponsibility, if the law must be defeated and injustice be done, where it ought properly to rest.
We are óf opinion, therefore, that the, last verdict and judgment must be set aside, and also the judgment of the, court at May term, 1839, granting a new trial, and that judgment be pronounced upon the verdict given at said May term, 1839, for the lessor of the plaintiff.